DISSENTING OPINION on MOTION for REHEARING 



No. 04-01-00637-CV



Filemon Garza GUTIERREZ,


Appellant



v.



DELOITTE & TOUCHE, et al.,


Appellee



From the 408th Judicial District Court, Bexar County, Texas


Trial Court No. 2000-CI-08976


Honorable Phyllis Speedlin, Judge Presiding



Opinion by: Catherine Stone, Justice

Dissenting opinion by: Paul W. Green, Justice


Sitting: Phil Hardberger, Retired Chief Justice (1)

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: January 29, 2003 

 I dissent to the failure of the panel to grant rehearing to correct the panel's erroneous
holding that DT-Cayman is subject to the jurisdiction of the Texas courts. Although I
previously joined in the panel decision, I am now persuaded I was in error to conclude that
DT-Cayman conducted any activities amounting to purposeful contacts in Texas that would
subject it to jurisdiction in this State.

 DT-Cayman, a Caymanian company, was hired by InverWorld, also a Caymanian
company, to serve as its independent accounting and auditing firm. In carrying out that
assignment, DT-Cayman was required to engage DT-Texas to do the audit field work in
Texas because InverWorld's principal office was located in San Antonio. That DT-Texas
performed services for DT-Cayman in Texas is not sufficient to support Texas jurisdiction
over DT-Cayman. See Magnolia Gas v. Knight Equip. & Mfg. Corp., 994 S.W.2d 684, 692
(Tex. App.-San Antonio 1998, no pet.), overruled on other grounds by BMC Software
Belgium N.V. v. Marchand, 83 S.W.3d 789 (Tex. 2002). Moreover, the record supports the
trial court's implied finding that DT-Cayman's contacts with Texas were insufficient to
establish the necessary minimum contacts to attach jurisdiction. I would affirm the trial
court's order.

 Paul W. Green, Justice

Publish

1. Retired Chief Justice Phil Hardberger not participating.